

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ASGARALLY GANNY,

        Plaintiff,

  -against-                       **MEMORANDUM AND ORDER**
                                       15-CV-1965 (FB)
FJC SECURITY SERVICES, INC.,

        Defendant.
----------------------------------------------------x

*Appearances:*
*For the Plaintiff*                      *For the Defendant*
CHRISTOPHER J. POGAN         ROSHNI CHAUDHARI
Salenger, Sack, Kimmel & Bavarro, LLP  FordHarrison LLP
180 Froehlich Farm Blvd.             100 Park Ave., Ste. 2500
Woodbury, New York 11797         New York, NY 10017

**BLOCK, Senior District Judge:**

Asgarally Ganny ("Ganny") alleges his employer, FJC Security Services, Inc. ("FJC"), discriminated against him on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York State Executive Law § 292 *et seq.* Pursuant to Federal Rule of Civil Procedure 12(b)(6), FJC moves to dismiss on the grounds that Ganny did not (1) allege sufficient facts to support his claims, or (2) exhaust his claims with the Equal Employment Opportunity Commission. For the following reasons, FJC's motion to dismiss is DENIED.

### I.

The facts relied upon in this memorandum and order are derived from Ganny's

Amended Complaint. Because this memorandum and order addresses a motion to dismiss, the facts in the Amended Complaint are accepted as true and all inferences are drawn in favor of the non-moving party. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

## A. Plaintiff alleges sufficient facts to establish a prima facie case of employment discrimination.

To establish a prima facie case of employment discrimination under both Title VII and the New York State Executive Law, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for his employment position, (3) he suffered an adverse employment action, and (4) the defendant's discrimination on the basis of the plaintiff's membership in a protected class motivated the adverse employment action. *Littlejohn*, 795 F.3d at 307 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII, Title IX, New York Executive Law § 296, and the Administrative Code of the City of New York.").

The requirements for demonstrating these elements are "relaxed" during the initial pleading stage of litigation. *Littlejohn*, 795 F.3d at 307. To prevail against a Rule 12(b)(6) motion, an employment discrimination plaintiff "needs to present only minimal evidence supporting an inference of discrimination[,]" *Doe v. Columbia Univ.*, No. 15-

2

1536, 2016 WL 4056034, at *5 (2d Cir. July 29, 2016), and "detailed factual allegations are not required[,]" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must only allege facts that "give plausible support to a *minimal inference* of discriminatory motivation." *Littlejohn*, 795 F.3d at 311 (emphasis added).

To determine whether such a minimal inference is plausible, the court draws on "judicial experience and common sense." *Vega*, 801 F.3d at 86 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Circumstances such as preferential treatment of similarly situated employees outside of the plaintiff's protected group support an inference of discrimination. *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)); *see also Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39) ("[A] showing of disparate treatment—that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group—is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case.").

In its motion to dismiss, FJC contends that Ganny did not allege facts demonstrating discriminatory intent. Yet a minimal inference of discriminatory intent is plausible based on the facts alleged in the Amended Complaint. Ganny claims that FJC treated him differently than similarly situated white colleagues, which is a recognized method of

3

raising an inference of race discrimination. *See Mandell*, 316 F.3d at 379. He supports this claim by alleging that FJC supervisors punished him for a white colleague's misbehavior and assigned him to hazardous work sites to which his white colleagues were not assigned. Amended Complaint ¶¶ 28, 29, 50, 55. These allegations make plausible a minimal inference of discriminatory intent.

FJC also argues Ganny has not established that his white colleague, John Khelish, was similarly situated. Mot. to Dismiss at 4. In the Amended Complaint, Ganny alleges that Mr. Khelish is also a security guard employed by FJC. Amended Complaint ¶ 21. Furthermore, the fact that Mr. Khelish's car was reassigned to Ganny implies that Mr. Khelish and Ganny had the same supervisors. Amended Complaint ¶ 25. The Court infers that Ganny had seniority merely because he began working for FJC before Mr. Khelish began his employment, not because he had a different position.

### B. Ganny exhausted his Title VII claim against FJC with the EEOC.

FJC argues that Ganny did not exhaust his Title VII claim with the EEOC because the facts Ganny alleged in his EEOC complaint were different than those in the Amended Complaint, and because Ganny filed an EEOC charge against his union and not against FJC. These exhaustion arguments are unavailing.

Before filing a lawsuit under Title VII, an employment discrimination claimant must administratively exhaust his or her claims by filing a complaint with the EEOC. *Fitzgerald v. Henderson*, 251 F.3d 345, 358-59 (2d Cir. 2001). However, "[b]ecause these charges

4

generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, [the Second Circuit has] taken a 'flexible stance in interpreting Title VII's procedural provisions[.]'" *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (quoting *Egelston v. State University College at Geneseo,* 535 F.2d 752, 754-55 (2d Cir. 1976)). For this reason, claims that are not exhausted may be included in a subsequent lawsuit if they are "reasonably related" to those claims that were exhausted with the EEOC. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quoting *Shah v. N.Y. State Dep't. of Civil Serv.*, 168 F.3d 610, 613 (2d Cir. 1999)). Claims are reasonably related "when the factual allegations made in the administrative complaint can be fairly read to encompass the claims ultimately pleaded in a civil action or to have placed the employer on notice that such claims might be raised." *Mathirampuzha v. Potter*, 548 F.3d 70, 77 (2d Cir. 2008).

Courts analyze motions to dismiss by considering the facts alleged in the plaintiff's complaint. However, when a defendant raises an exhaustion argument, it is also helpful to look at any EEOC papers the parties provide to the court. *See Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)) ("The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate . . . .'"); *see also Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (district court properly considered the EEOC complaint when analyzing a Rule 12(b)(6) motion on exhaustion grounds).

Here, Ganny's intake with the EEOC stated race and national origin discrimination as the basis for his claim of employment discrimination. Mot. to Dismiss, Ex. A. When prompted to specify, he stated that "they have their own people as their choice," which seems to allude to FJC's preference for white employees. *Id.* In the same intake he named Laurie Molly, an FJC employee, as the person responsible for this discrimination. *Id.* The EEOC's investigation into Ganny's broad claims of race and national origin discrimination would likely encompass the Title VII claims and supporting factual allegations he ultimately includes in the Amended Complaint: that, among other things, FJC supervisors punished him for a white colleague's misbehavior and assigned him to hazardous work sites to which his white colleagues were not assigned, Amended Complaint ¶¶ 28, 29, 50, 55. Therefore, the Title VII claims in the Amended Complaint are reasonably related to the race and national origin claims exhausted with the EEOC and will not be dismissed.

This same EEOC intake does not support FJC's second exhaustion argument, that FJC was not named in Ganny's EEOC complaint. As stated above, Ganny named Laurie Molly, an FJC employee, as the person responsible for the alleged race and national origin discrimination.[1] Mot. to Dismiss, Ex. A. Taking the "flexible stance" required in these

---

[1] Based on the EEOC papers FJC produces in its motion to dismiss, and contrary to what it alleges, Ganny does not appear to name his union, rather than FJC, as the adverse party in his EEOC intake. Mot. to Dismiss, Ex. A. Instead, it is the EEOC that names the union as the adverse party in the Notice of Charge of Discrimination. *Id.* Considering that Ganny did name an FJC employee as the party responsible for his discrimination, the Court will not dismiss Ganny's case merely because the EEOC sent the notice of charge to his union and not his employer. *See Deravin*, 335 F.3d at 203 (district court's dismissal for failure to exhaust was

6

Title VII cases, *Johnson*, 931 F.2d at 209, the Court finds that Ganny sufficiently identified FJC in his EEOC complaint when he named Ms. Molly as the person responsible.

## II.

For the aforementioned reasons, FJC's motion to dismiss is DENIED.

**SO ORDERED**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 13, 2016

---

inappropriate because of the lenient procedural standards for Title VII plaintiffs and the EEOC's potential administrative error in the notice of charge).

7